UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :

UNITED STATES OF AMERICA           :

                                             :

      - v. -                         :

                                             :          **19 Cr. 107 (AT)**

JOHN ULRICH,                     :

                                             :

                        Defendant.       :

                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S PRE-TRIAL MOTIONS

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Eli J. Mark
Louis A. Pellegrino
*Assistant United States Attorneys*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ...................................................................................................... 1

    A. The Charges Against the Defendant ......................................................... 1

    B. Discovery ................................................................................................... 2

ARGUMENT ........................................................................................................... 4

    I.     The Motion to Inspect the Grand Jury Minutes Should Be Denied .......... 4

    II.    The Motions for Early Disclosures and a Bill of Particulars Are Procedurally Barred by Local Criminal Rule 16.1 ............................................................. 7

    III.   The Defendant's Motions for Early Disclosures Should Be Denied on the Merits .. 8

    A. *Brady* Materials ....................................................................................... 8

    B. Jencks Act Materials ................................................................................. 9

    C. Rule 404(b) Evidence ............................................................................... 10

    IV.   The Defendant is Not Entitled to a Bill of Particulars on the Merits ....... 11

    A. Applicable Law .......................................................................................... 12

    B. Discussion .................................................................................................. 14

CONCLUSION ........................................................................................................ 18

## PRELIMINARY STATEMENT

The Government respectfully submits this opposition in response to the defendant's pretrial motions (the "Motions") to: (1) inspect the grand jury minutes; (2) compel the Government to produce additional discovery, including, among other things, *Brady* evidence, witness statements, and evidence of prior bad acts pursuant to Federal Rule of Evidence 404(b); and (3) compel the Government to provide a bill of particulars.

For the reasons that follow, the Motions should be denied in their entirety.

## BACKGROUND

### A.  The Charges Against the Defendant

On February 20, 2019, indictment number 19 Cr. 107 (AT) (the "Indictment") was unsealed charging the defendant with (i) conspiracy to solicit and receive bribe payments to influence the operation of an employee benefit plan, in violation of Title 18, United States Code, Section 371, (ii) soliciting and receiving bribe payments to influence the operation of an employee benefit plan, in violation of Title 18, Untied States Code, Sections 1954 and 2, (iii) conspiracy to commit honest services health care fraud, in violation of Title 18, United States Code, Section 1349, and (iv) honest services health care fraud, in violation of Title 18, United States Code, Sections 1347, 1346, and 2.

As alleged in the Indictment, the defendant was a member and officer of the Teamsters Local 812 Union (the "Union") and a trustee of the Local 812 Health Fund.  Ind. ¶ 6.  The Local 812 Health Fund was run by a third-party administrator ("Business-1").   Ind. ¶ 5. Business-1 processed health insurance claims for participants in the Local 812 Health Fund, and charged a fee to the Union to administer the Local 812 Health Fund.  *Id.*

In brief, the Indictment alleges that, from 2013 through February 2016, the defendant orchestrated a bribery scheme in which he obtained tens of thousands of dollars in payments from an executive at Business-1 ("Administrator-1") in exchange for using his influence to maintain Business-1 as the Local 812 Health Fund's third-party administrator.[1]  Ind. ¶ 7.  In 2013, while experiencing financial problems, the defendant solicited bribe payments from Administrator-1 of $5,000 per quarter, in exchange for a promise by the defendant to use his influence at the Local 812 Health Fund and the Union to maintain the Local 812 Health Fund's use of Business-1 as its third-party administrator.  Ind. ¶ 8.  Subsequently, in 2014, the defendant sought increased bribe payments from Business-1 in order to bring another trustee of the Local 812 Health Fund (an individual designated as "CC-1") into the scheme.  Ind. ¶ 9.  Administrator-1 then began making increased bribe payments to the defendant in response to this request.  *Id.*

The Union subsequently learned of the bribery scheme, and convened a special board meeting on or about February 12, 2016.  Ind. ¶ 11.  The defendant was confronted with the contents of an email he had written in which he requested, through the use of coded language, that Administrator-1 pay additional bribe payments for the benefit of CC-1.  Ind ¶ 11.  Following the meeting, the defendant was terminated from his position with the Union and the Local 812 Health Fund.  Ind. ¶ 11.

### B.  Discovery

On March 4, 2019, the Government produced the first round of Rule 16 discovery to the defendant, including, among other things: (i) Union labor management reports and bylaws; (ii) applications and orders for non-content information from an email service provider, as well as

---

[1] Administrator-1 was separately charged by information in *United States v. Paolucci*, 19 Cr. 108 (KMW) and has pled guilty.

2

information provided by the service provider in response to the orders, including for the account the defendant used to a solicit bribe from Administrator-1; and (iii) a civil complaint that was factually related to this criminal case. The Government also disclosed that an individual (who was identified as CC-1 in the Indictment) had proffered with the Government and denied participating in the bribery scheme. On March 25, 2019, the Government produced the balance of the Rule 16 discovery, organized with a detailed index, including, among other things: (i) Business-1's service agreement; (ii) email service provider records for two email accounts; (iii) bank records from various institutions, including for the defendant's and Business-1's accounts; (iv) Union and Local 812 Health Fund records, including a recording from the February 12, 2016 board meeting; (v) phone records, including for the defendant's phone; and (vi) emails and other documents obtained from various individuals (including Administrator-1 and CC-1), which included emails sent by the defendant such as the email soliciting additional bribes from Administrator-1.

On April 26, 2019, the defendant emailed an initial discovery request to the Government. The nine-page single spaced document was overwhelmingly broad and included 17 numbered requests, many of which contained sub-parts, and most of which called for materials that are unquestionably only covered by Title 18, United States Code, Section 3500 ("3500 Material") and/or *Giglio v. United States*, 405 U.S. 105 (1972) and its progeny ("*Giglio* Material"). On May 4, 2019, the Government responded that:

> We take seriously our disclosure obligations, including those arising under Rule 16, *Brady* and its progeny, and *Giglio* and its progeny, and we intend to comply fully with those obligations. We intend to do so irrespective of whether you specifically request such material, or how you characterize that material. Indeed, as you are aware, we have made substantial productions pursuant to Rule 16 already in this case. The Government will continue to fulfill all of its obligations going forward.

3

Further, the Government explained that, consistent with the standard practice in this District, the Government intended to produce any 3500 and *Giglio* Material substantially closer to trial, and would be amenable to discussing a schedule for all parties' pretrial disclosures as the trial date approaches (an offer to which the defendant did not respond).  Lastly, with respect to the defendant's request for additional particularity on the dates and amounts of bribe payments, the Government noted that the Indictment, along with the production of extensive discovery, in electronic form and accompanied by a detailed index, provided more than sufficient information about the charges.

## ARGUMENT

### I.    The Motion to Inspect the Grand Jury Minutes Should Be Denied

The defendant seeks to inspect the grand jury transcripts in order to determine whether the grand jury was, in the defendant's view, properly instructed on the law.  (Motion at 2).  The defendant claims that this is "a factually and legally complicated case," such that simply reading the relevant statutes to the grand jury, which he presumes, without any basis, is the standard procedure in this District, would be insufficient to properly instruct the grand jury and warrant dismissal of the indictment.  (*Id.* at 3)   This motion should be denied.

It is well settled that "an indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is enough to call for a trial of the charge on its merits."  *Costello v. United States*, 350 U.S. 359, 363 (1956).  An indictment so returned "cannot even be challenged on the ground that it is based on inadequate or incompetent evidence ...." *United States v. Contreras*, 776 F.2d 51, 53-54 (2d Cir. 1985) (collecting cases).  To allow such a challenge would " 'run counter to the whole history of the grand jury institution.' " *United States v. Williams*, 504 U.S. 36, 50-54 (1992) (citations omitted).

4

Moreover, there is no requirement that the prosecuting attorney provide the grand jury with detailed legal instructions about the meaning of each element of the offenses charged. *See United States v. Lopez-Lopez*, 282 F.3d 1, 9 (1st Cir. 2002) ("under federal law the prosecutor is not obligated to provide legal instruction to the grand jury"); *United States v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir. 1989) ("the prosecutor has no duty to outline all the elements of conspiracy so long as the instructions given are not flagrantly misleading or so long as all the elements are at least implied"); *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988) ("The prosecutor is under no obligation to give the grand jury legal instructions"); *United States v. Kenny*, 645 F.2d 1323, 1346 (9th Cir. 1982) (the "indictment is normally prepared by the prosecutor, who is presumably acquainted with the 'applicable law.' We are not persuaded that the Constitution imposes the additional requirement that grand jurors receive legal instructions"); *United States v. McDarrah*, No. 05 Cr. 1182 (PAC), 2006 WL 1997638, at *9, (S.D.N.Y. July 17, 2006) ("under federal law, a prosecutor is not required to instruct the grand jury on the law."); *United States v. Finnerty*, Nos. 05 Cr. 393, 05 Cr. 397 (DC), 2006 WL 2802042, at *9 (S.D.N.Y. Oct. 2, 2006) ("prosecutors are generally not required to provide legal instructions to the grand jury").

Rather, the grand jury's actions are presumed valid, *Hamling v. United States*, 418 U.S. 87, 138 n.23 (1974).  *See also United States v. Leung*, 40 F.3d 577, 581 (2d Cir.1994) ("[A] presumption of regularity attaches to grand jury proceedings…."). Accordingly, "a defendant seeking disclosure of grand jury minutes has the burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand jury deliberations." *United States v. Forde*, 740 F.Supp.2d 406, 413 (S.D.N.Y.2010) (citing *United States v. Moten*, 582 F.2d 654, 662 (2d Cir.1978)); *see also Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959) ("The burden ... is on the defense to show that a 'particularized need' exists for the minutes which

5

outweighs the policy of secrecy."). "A party makes a showing of particularized need by proving 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.' " *In re Grand Jury Subpoena,* 103 F.3d 234, 239 (2d Cir.1996) (quoting *Douglas Oil Co. v. Petrol Stops Nw*., 441 U.S. 211, 222 (1979)).  This requirement " 'extends to legal instructions given to the grand jury.' " *United States v. Hoey*, No. 11 Cr. 337 (PKC), 2014 WL 2998523, at *3 (S.D.N.Y. July 2, 2014) (quoting *United States v. Jailall*, No. 00 Cr 069 (RWS), 2000 WL 1368055, at *2, (S.D.N.Y. Sept. 22, 2000), *aff'd*, 23 Fed. Appx. 94 (2d Cir. 2002)).  "This standard applies equally to a defendant's request for the court to conduct in camera inspection of grand jury transcripts." *United States v. Laster*, 2007 WL 3070599, at *1 (citing *United States v. Dunn*, No. 05 Cr. 127 (KMK), 2005 WL 1705303, *1–2 (S.D.N.Y. July 19, 2005)); *see also Forde*, 740 F. Supp. 2d at 413–14 (applying particularized need standard to the defendant's request for an in camera inspection of the grand jury minutes).

As such, the grand jury must be presumed to have been given and to have used proper legal definitions, where, as here, the defendant has provided no basis to believe that the grand jury was misled as to the meaning of any terms.  Thus, "even if the prosecutors only read the relevant statute to the grand jury" – as the defendant claims here without any support -- the "defendant[] still ha[s] not made a sufficient showing for inspection." *Finnerty*, 2006 WL 2802042, at * 9.

Accordingly, there is no basis for permitting the defendant to review the grand jury's legal instructions or for requesting the Court's inspection of those instructions.

## II.     The Motions for Early Disclosures and a Bill of Particulars Are Procedurally Barred by Local Criminal Rule 16.1

As an initial matter, the defendant's motions for discovery and for a bill of particulars are procedurally barred because of the defendant's failure to comply with Local Criminal Rule 16.1 ("Local Rule 16.1").  Local Rule 16.1 provides that

> No motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues remaining unresolved.

Local Rule 16.1.   "The submission of discovery requests, even if they are specific, without additional efforts to address any perceived deficiencies in the Government's response does not satisfy the requirement of Local Rule 16.1 to 'confer' with opposing counsel in an attempt to resolve the matter without the Court's intervention."  *United States v. Minaya*, 395 F.Supp. 2d 28, 32 (S.D.N.Y. 2005).  The failure to comply with Local Rule 16.1 constitutes a sufficient basis on which to deny motions for discovery and bills of particulars.  *Id.*; *United States v. Ahmad*, 992 F. Supp. 682, 684 (S.D.N.Y. 1998).

Here the defendant has not filed a Rule 16.1 affidavit, nor is there any information before the Court that counsel for the defendant has conferred with the Government or attempted to resolve the issues raised in the pending motions without the intervention of the Court.  That is because he has not.  As noted above, the Government offered to consult with the defendant on a mutually agreeable schedule for the production of some of the requested materials, but the defendant did not respond.  Accordingly, the motions for a bill of particulars and for discovery materials should

be procedurally barred.  Moreover, even if the defendant had complied with Local Rule 16.1, as discussed below, the Court should deny these motions on the merits.

### III.     The Defendant's Motions for Early Disclosures Should Be Denied on the Merits

The defendant's motions include an assortment of requests for orders requiring the Government to make various disclosures.  Specifically, the defendant has moved for orders compelling the Government to disclose *Brady* material (Motion at 6-7), to disclose witness statement at least thirty days prior to trial (*id.* at 7), and to disclose Rule 404(b) evidence at least sixty days prior to trial (*id.* at 9).

#### A.  *Brady* Materials

The defendant's request for an order directing the Government to immediately review and disclose *Brady* material is unnecessary.  The Government recognizes its obligations under *Brady* and has acknowledged its *Brady* obligations in correspondence with defense counsel.  Indeed, courts routinely hold that there is no need for a Court order directing the Government to take action when the Government has already represented that it recognizes and intends to comply fully with all of its obligations.  *See, e.g., United States v. Cave*, No. 18 Cr. 689 (AT), 2019 WL 2764081, at *4 (S.D.N.Y. July 1, 2019) (denying defendant's motion for an order requiring early disclosure of *Brady* material where the Government recognized its continuing obligation to disclose all *Brady* material and represented it will provide timely disclosure of such materials); *United States v. Gatto*, 316 F. Supp. 3d 654, 657-58 (S.D.N.Y. 2018) (denying defendant's motion to compel where "the Government represented it has and will continue to comply with its obligations under *Brady* as well as *Giglio*"); *United States v. Ikoli*, No. 16 Cr. 148 (AJN), 2017 WL 396681, at *3 (S.D.N.Y. Jan. 26, 2017) (denying motion to compel where "the Government represents that it recognizes its obligations under *Brady*, and that while the Government is not aware of any *Brady* material, should

the Government become aware of any, it will produce it promptly" (internal quotation marks and alterations omitted)); *United States v. Gallo*, No. 98 Cr. 338 (JGK), 1999 WL 9848, at *8 (S.D.N.Y. Jan. 11, 1999) (denying defendant's motion to compel production of *Brady* material based on Government's representations that "it is aware of its obligations under *Brady* . . . and will produce any *Brady* material to the defense well before trial"); *United States v. Perez*, 940 F. Supp. 540, 553 (S.D.N.Y. 1996) (denying motion for pretrial disclosure of *Brady* and *Giglio* material because "*Brady*[ ]establishes no general right of pretrial discovery and gives rise to no pretrial remedies," and because "the government has agreed to make [the] information available to the defense ... sufficiently in advance of the witness' testimony so as to avoid any delay at trial").

The Government's representation in this case is entirely consistent with its productions to date which has included not only voluminous Rule 16 material, but additional disclosures of witness statements from CC-1, clearly reflective of the Government's intention and good faith efforts to take seriously and comply fully with its *Brady* obligations.  And while the Government is not presently aware of any undisclosed *Brady* material, should the Government become aware of any, the Government will produce it promptly.  As a result, the defendant's request for an order compelling the immediate production *Brady* material should be denied. *See, e.g., Cave*, 2019 WL 2764081, at *4; *Gatto*, 316 F. Supp.3d at 657-58; *Gallo*, 1999 WL 9848, at *8; *Perez*, 940 F. Supp. at 553.

### B.  Jencks Act Materials

The defendant's request for an order directing the Government to disclose any statements of any witnesses the Government intends to call at trial at least thirty days before trial is without merit.  The Jencks Act, 18 U.S.C. § 3500, covers disclosure of statements or reports made by Government witnesses, and the rule mandates that such materials not be the subject of discovery

or inspection "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a); *see also United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 523 (S.D.N.Y. 2007) ("The Government is under no obligation to produce Jencks Act material until after a witness has testified on direct examination at trial."). *See also* Fed. R. Crim. P. 26.2(a) (incorporating the Jencks Act). Courts in this Circuit have consistently held that they lack the power to mandate early production of Jencks material. *See, e.g.*, *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) ("[The] Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."); *Cave*, 2019 WL 27264081, at *4. Nor will this be a particularly lengthy or complex trial of the variety that sometimes prompts considerably early disclosure of Jencks Act material.

In any event, in order to ensure that defense counsel is able to identify and address any potential *Giglio* issues contained in Jencks Act material, and otherwise prepare to defend against the charges set forth in the Indictment, consistent with regular practice in this District, the Government intends to make Jencks Act material available to the defense at a sufficient time before trial for the defense to make effective use of such material. Accordingly, the defendant's demand for the disclosure of Jencks Act material thirty days in advance of trial should be denied.

### C. Rule 404(b) Evidence

The defendant's request for an order requiring the Government to disclose at least sixty days before trial all evidence that the Government intends to introduce pursuant to Federal Rule of Evidence 404(b) should be denied. Rule 404(b) requires only that the Government "(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b). Rule 404(b) "sets no minimum time for action by the government in this request, nor would any time limit be appropriate, since the evidence the government wishes

to offer may well change as the proof and possible defenses crystallize." *United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988). Indeed, the Second Circuit has approved disclosure of Rule 404(b) evidence as late as several days before and even during trial, depending on the circumstances of the particular case. *See United States v. Valenti*, 60 F.3d 941, 945 (2d Cir. 1995) (notice four days prior to trial sufficient where Government provided documents to defense on same day they were obtained); *United States v. Matthews*, 20 F.3d 538, 551 (2d Cir. 1994) (notice during trial sufficient when balanced against need to avoid indirect disclosure of identity of Government witness).   Courts in this District routinely have denied motions for the early disclosure of Rule 404(b) evidence, based on representations by the Government that it will produce Rule 404(b) evidence sufficiently in advance of trial where trial is not scheduled to begin for months. *See, e.g., Cave*, 2019 WL 2764081, at *2; *United States v. Allums,* No. 97 Cr. 267, 1997 WL 599562, at *1 (S.D.N.Y. Sept. 25, 1997) ("The Government has agreed to produce this material in time so that the defense may have an opportunity to challenge their admission; this is all that is required with respect to Rule 404(b) evidence.").   Here of course, trial is not scheduled to begin until February 3, 2020, five and a half months from now.

The Government respectfully submits that it will provide 404(b) notice in advance of trial, consistent with whatever schedule is set by the Court, as is standard practice in this District.   As such, this motion is premature.

## IV.    The Defendant is Not Entitled to a Bill of Particulars on the Merits

The defendant asserts that he is entitled to a bill of particulars identifying (i) alleged co-conspirators and (ii) the property subject to forfeiture.   In light of the detail in the Indictment, the straightforward nature of this bribery case, and the specificity of the discovery, the defendant's request for a bill of particulars should be denied.

11

### A.  Applicable Law

The proper functions of a bill of particulars are (1) to furnish facts supplemental to those contained in the indictment that are necessary to apprise the defendant of the charges against him, (2) to enable the defendant to prepare his defense, (3) to avoid unfair surprise at trial, and (4) to prevent a second prosecution against the defendant for the same offense.  *See* Fed. R. Crim. P. 7(f); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).  Thus, "a bill of particulars should be required only where the charges of the indictment are so general that they do not advise defendant of the specific acts of which he is accused."  *United States v. Berganza*, No. 03 Cr. 987 (DAB), 2005 WL 372045, at *5 (S.D.N.Y. Feb. 16, 2005).

If the information the defendant seeks "is provided in the indictment or in some acceptable alternate form," such as discovery, no bill of particulars is required.  *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *United States v. Spy Factory*, 960 F. Supp. 684, 690-91 (S.D.N.Y. 1997).  In other words, the defendant cannot use a bill of particulars as a general investigative tool, a discovery device, or a means to compel the government to disclose evidence or witnesses to be offered prior to trial.  *United States v. Nunez*, No. 00 Cr. 121 (RCC), 2001 WL 91708, at *5 (S.D.N.Y. Feb. 1, 2001).  For example, a bill of particulars is not appropriate to acquire evidentiary detail, *see Berganza*, 2005 WL 372045, at *5, to discover the precise manner in which the charged crimes were committed, *see United States v. Andrews*, 381 F.2d 377, 377-78 (2d Cir. 1967), to discover the manner in which the Government will prove the charges, *see United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977), to determine all the overt acts in furtherance of a conspiracy, *see United States* v. *Carroll*, 510 F.2d 507, 509 (2d Cir. 1975), to determine particular acts that a particular defendant participated in, had knowledge of, or for which he is being held responsible, *see United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993),

or to show "how or when the conspiracy was formed or how or when defendants joined the conspiracy," *United States v. Pacheco*, 902 F. Supp. 469, 474 (S.D.N.Y. 1995).

There are several reasons for this restricted use of a bill of particulars.  First, the Government is not required to provide information tantamount to an itemized preview of its proof because of the very real danger in criminal cases that defendants will tailor their testimony to explain away the Government's pre-disclosed case.  *See United States v. Cimino*, 31 F.R.D. 277, 279 (S.D.N.Y. 1962).  Second, detailed inquiries into the Government's case would unduly restrict the Government in presenting its proof at trial.  *See, e.g.*, *United States v. Jimenez*, 824 F. Supp. at 363; *United States* v. *Goldman*, 439 F. Supp. 352, 352 (S.D.N.Y. 1977).  Courts consistently have held that, because a bill of particulars "confines the Government's proof to particulars furnished, requests for a bill of particulars should not be granted where the consequence would be to restrict unduly the Government's ability to present its case." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987).  In sum, "[s]o long as an indictment and discovery sufficiently enable a defendant to avoid surprise and prepare for trial, a bill of particulars is not warranted." *Berganza*, 2005 WL 372045, at *5.

"[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied." *United States* v. *Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) (collecting cases); *see, e.g.*, *Torres*, 901 F.2d at 233-34 (demands for particularity with regard to when, where, and by whom within charged conspiracy are improper attempts at pre-trial discovery); *United States* v. *Meregildo*, 2012 WL 3834732, at *5 (S.D.N.Y. August 28, 2012) (same); *United States v. Remire*, 400 F. Supp. 2d 627, 633 (S.D.N.Y. 2005); *United States v. Johnson-Guzman*, No. 98 Cr. 350 (RWS), 1998 WL 730327, at *7 ("With respect to conspiracy charges in particular, since the Government is not required to

13

prove exactly when or how a conspiracy was formed or when or how a particular defendant joined the scheme, and as the circumstantial proof on which the government usually relies to prove the existence of a scheme often does not reveal such details, the courts have consistently rejected demands for particulars as to the formation of a conspiracy or the entry into the conspiracy of a particular defendant or confederate.").

### B. Discussion

As discussed above, the defendant has been provided with considerable detail related to the charges through a ten-page speaking indictment and voluminous Rule 16 discovery, which are more than sufficient to fully and fairly accomplish all of the proper objectives of a bill of particulars. *See United States* v. *Feng Ling Liu*, 2014 WL 101672, at *13-15 (S.D.N.Y. Jan. 10, 2014) (bill of particulars not required where there was a fourteen-page speaking indictment and the government identified 432 fraudulent asylum applications without identifying which aspects of each application were false); *see also Bortnovsky*, 820 F.2d at 574 (bill of particulars inappropriate where information "is provided in the indictment or in some acceptable alternate form"). The Rule 16 discovery, together with the specific allegations in the Indictment, has placed the defendant on full notice of the nature of the case and permits him to attempt to defend against those charges. The defendant cannot plausibly claim—as he must, in order to be entitled to a bill of particulars—that the Indictment and discovery lack sufficient detail to allow him to plead double jeopardy against a subsequent prosecution for the same acts, or to understand the criminal conduct of which he stands accused.

With respect to the first request – which seeks the identities of unindicted co-conspirators – while the defendant asserts that "[c]ourts routinely order such disclosure," (Motion at 8) the case law does not support that claim. In evaluating such requests, courts have considered, among other

factors, the number of co-conspirators, the duration and breadth of the alleged conspiracy, whether the Government has otherwise provided adequate notice of the particulars, the volume of pretrial discovery, the potential danger to co-conspirators and the nature of the alleged criminal conduct, and the harm to the Government investigation. *See United States v. Reddy*, 190 F. Supp. 2d 558, 570 (S.D.N.Y. 2002) (collecting cases).

Here, these factors weigh against requiring the Government to disclose the identities of co-conspirators in advance of trial.  The breadth of the types of crimes alleged to have been part of the conspiracy is narrow, and relates to the payment of bribes by Administrator-1 to the defendant in order for the defendant to use his official influence to retain Business-1 as the third-party administrator for the Local 812 Health Fund.  This was not a conspiracy spanning myriad types of criminal acts, as in *United States v. Lino*, 2001 WL 8356 at *13 (S.D.N.Y. Dec. 29, 2009), cited by the defendant, which granted a bill of particulars where the conspiracy involved a number of defendants, was wide-ranging in terms of the nature of the acts and the commerce affected, and the defendants were likely to be surprised by the identity of the other co-conspirators.  Here, by contrast, although the conspiracy spanned approximately two and a half years, from in or about 2013 through in or about February 2016, the object principally remained the same throughout the time period and the conspiracy did not involve a vast number of co-conspirators who did not have involvement with each other (Indictment ¶ 7).  *Contrast United States v. Savin,* No. 00 Cr. 45, 2001 WL 243533, at *5 (S.D.N.Y. Mar.7, 2001) (bill of particulars granted where number of co-conspirators "quite large" and conspiracy may have spanned six years).

Furthermore, due to the Indictment and discovery material, there is little risk of surprise to the defendant, which also weighs against granting the bill of particulars.  *See United States v. Nachamie*, 91 F.Supp.2d 565, 572–73 (2000) (bill of particulars identifying coconspirators

appropriate in case where defendant "is more likely to be surprised by the identity of other co-conspirators whom he may never have met"); *United States* v. *Amendolara*, No. 01 Cr. 694 (DAB), 2002 WL 31368279, at *5-6 (S.D.N.Y. Oct. 21, 2002) (citing the *Nachamie* factors before denying a request for the identities of all unindicted co-conspirators because "the Indictment and discovery material already provided to [the defendant] by the Government sufficiently facilitate his ability to avoid surprise and prepare for trial"); *Trippe*, 171 F. Supp. 2d at 240 (denying a bill of particulars seeking names of all co-conspirators and aiders and/or abettors in securities and mail fraud case in light of sufficiency of information contained in the Indictment and through discovery) (collecting cases); *United States* v. *Rodriguez*, No. 99 Cr. 367 (DLC), 1999 WL 820558, at *2 (S.D.N.Y. Oct. 13, 1999) (denying motion for a bill of particulars identifying known co-conspirators where the Indictment coupled with discovery allowed a defendant "both to prepare his defense and to avoid prejudicial surprise at trial").   Here, moreover, the Indictment expressly identifies two co-conspirators, Administrator-1, who, as noted above, has already pled guilty, and CC-1.

The defendant provides no specific argument as to why this case presents compelling circumstances requiring the Government to provide the identities of unindicted co-conspirators. Under these circumstances, courts routinely deny blanket requests for the identities of all co-conspirators, and this Court should do the same.  *See, e.g., United States* v. *Rittweger*, 259 F. Supp. 2d 275, 292 (S.D.N.Y. 2003) (concluding, in thirteen-count securities fraud case, that the indictment and discovery were sufficient and "[t]here is no need to provide a list of all unindicted co-conspirators"); *Samsonov*, 2009 WL 176721, at *4 (noting that demand for particulars identifying co-conspirators was "a veiled attempt to discern who is cooperating with the Government"); *United States v. Solomonyan*, 451 F. Supp. 2d 626, 642 (S.D.N.Y. 2006) ("While knowing the identity of unindicted coconspirators might be useful to the defense, [ ] the question

is not whether the information would be useful to the defense, but rather whether it is necessary. . . . Here, such information is not necessary and defendants' request is therefore denied."); *cf. Torres*, 901 F.2d at 233-234 (upholding district court's denial of a bill of particulars where the defendant had requested "the identity of other persons 'known and unknown' as alleged in … the indictment"). With respect to the second request – which seeks the specific property forfeitable as traceable to proceeds of the crime – this is exactly the sort of request that is forbidden under the case law.  While two rules of federal criminal procedure require the Government to provide notice of its intent to pursue criminal forfeiture – which the Indictment does here -- there is no requirement that the Government individually itemize the property subject to forfeiture in an indictment, as the defendant requests.[2]  *See United States v. Grammatikos*, 633 F.2d 1013, 1024 (2d Cir.1980) ("The plain language of Rule 7(c)(2) requires only that the extent of the interest or property subject to forfeiture be alleged.  That condition was satisfied here since the superseding indictment announced that the government would seek all of appellant's interest or property in the illicit enterprise of which he was the sole proprietor.").  Accordingly, courts routinely deny a defendant's request for a bill of particulars identifying specific property subject to forfeiture.  *See, e.g., United States v. Gatson*, No. 13 Cr. 705, 2014 WL 7182275, at *23 (D.N.J. Dec. 16, 2014); *United States v. Kahale*, 789 F. Supp.2d 359, 378 (E.D.N.Y. 2009); *United States v. Varacalli*, No. 01 Cr. 749 (JSR), 2004 WL 992493, at *2 (S.D.N.Y. May 5, 2004).   The defendant demonstrates

---

[2] The Advisory Committee Notes to the 2000 Amendments of Federal Rule of Criminal Procedure 32.2(a) support this view, providing: "As courts have held, subdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment and information itself.... [Rule 7(c)] does not require a substantive allegation in which the property subject to forfeiture, or the defendant's interest in the property, must be described in detail." *Id*. (citing *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997)).

no specific need for particularity identifying property subject to forfeiture here, and, as such, this

request should be denied as well.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the defendant's pre-trial motions.

Dated: New York, New York
       August 20, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:    /s/ Eli J. Mark
       Eli J. Mark / Louis A. Pellegrino
       Assistant United States Attorneys
       (212) 637-2431/-2617

18